UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE T. GORTON,<br><br>    Plaintiff<br><br>v.<br><br>NORTH LAS VEGAS,<br><br>    Defendant | Case No.: 2:20-cv-00434-APG-VCF<br><br>**Order Denying Without Prejudice Motion for Restraining Order**<br><br>[ECF No. 3] |

Plaintiff George Gorton filed a motion for a restraining order against defendant North Las Vegas to prevent North Las Vegas (the City) from harming his cats or dogs, which the City apparently seized from Gorton. He also seeks the return of his pets.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Gorton has not established a likelihood of success on the merits or even serious questions on the merits. It is unclear from his complaint precisely what claims he is asserting against the City. It appears he is attempting to allege a violation of his Fourth Amendment rights under 42 U.S.C. § 1983, because he alleges the City violated his right to property by seizing his pets from his home. However, in his motion, he does not identify the elements of his claim or present evidence in support of those elements. I thus have no evidentiary basis to conclude any entry

into Gorton's home or seizure of pets from the home was unreasonable under the Fourth Amendment.[1]

Additionally, Gorton's motion does not comply with Local Rule 7-4 for emergency motions.[2] And he has not set forth a basis for why this motion should be heard without giving the City notice and an opportunity to respond. Gorton has not served the City with the summons (none has yet been issued), the complaint, and the motion for a restraining order.

I therefore deny Gorton's motion for a restraining order, without prejudice to Gorton re-filing a properly supported motion that is served on the City. I direct Gorton's attention to the Local Rules and the Federal Rules of Civil Procedure so that he may file a proper complaint, obtain a summons, and serve the City. I also recommend Gorton seek the assistance of pro bono counsel at the Legal Aid Center of Southern Nevada or Nevada Legal Services if he cannot afford counsel to represent him in this matter. Gorton also should consider amending his complaint to make it clear what claims he is asserting against the City, including the factual and legal bases for those claims.

I THEREFORE ORDER that plaintiff George Gorton's motion for restraining order **(ECF No. 3) is DENIED without prejudice**.

DATED this 3rd day of March, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Gorton alludes to the fact that he violated the city code regarding the number of pets he owned, although he disputes the code applies to him. ECF No. 1-1 at 3.

[2] The Local Rules are available on the court's website, www.nvd.uscourts.gov under "self help." tab.